(33 App. Div. 428.)

CASOLA v. KUGELMAN et al.

(Supreme Court, Appellate Division, First Department. October 21, 1898.)

1. PARTNERSHIP—SPECIAL PARTNERS—LIABILITY—PENALTY.
   Under a law making a special partner who accepts a transfer from the partnership, knowing it to be insolvent, with intent to secure a debt, liable as a general partner, the liability so incurred is not a penalty which will not be enforced in another state, since the law simply withdraws the protection accorded, and leaves him to the liability incurred.

2. SAME—REMEDIES OF PARTNERS INTER SE—CONFLICT OF LAWS.
   Where it is not shown that under the laws of a foreign state a special partner may sue his co-partner for independent loans, the presumption is that the common law prevails, viz. that he can sue in assumpsit after an accounting with the co-partner.

3. SAME—ACCOUNTING.
   Where a special partner loaned money to the partnership, and there was an account of it made out and furnished by the firm, this was such an accounting as would entitle him to sue the co-partner in assumpsit for the loan.

4. SAME—CREATION OF FIRM—ESTOPPEL.
   Where the parties agreed to create a limited partnership, and conducted their business as such, each is estopped as against the other to say that there never was a complete formation of such partnership, because the statutory requirements were not literally complied with.

Appeal from trial term.

Action by Adolfo Casola against Julius A. Kugelman and Francisco Vasquez. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Richard L. Sweezy, for plaintiff.
Wm. H. Blymyer, for defendants.

PATTERSON, J. On the trial of this action a verdict was directed for the plaintiff upon the whole case, after the submission to the jury of a particular question of fact, respecting which they found for the plaintiff. From the judgment entered upon the verdict, and from the order denying a motion for a new trial, this appeal is taken.

The action was brought by one special partner of the firm Kugelman & Co. against a general partner, with whom was joined as defendant another special partner, upon an allegation that such other special partner had become liable as a general partner for an indebtedness to the plaintiff for moneys loaned to the partnership. It appears that the plaintiff and the defendant Vasquez entered into an agreement with the defendant Kugelman by which a limited partnership was created under the laws of the state of Maryland. That partnership was entered into in June, 1893, on which date a certificate was filed in the state of Maryland. Such partnership was to continue until the 30th of June, 1894. On the 29th of June, 1894, another certificate of limited partnership was filed in the state of Maryland, by which it was declared that the partnership would commence on the 30th of June, 1894, and terminate on the 30th of September, 1894. Casola, the plaintiff, and the defendant Vasquez were the special partners, and Mr. Kugelman was the only general partner. It is alleged in the complaint that the limited partnership was duly formed under the laws of the state of Maryland, and that on or about the 1st of September, 1894, an account was stated between the plaintiff and the firm of Kugelman & Co. for loans and advances of money made by the plaintiff to that firm, and that upon such statement a balance was found to be due to the plaintiff by said firm of $27,854. It is also alleged in the complaint that prior to the 1st of September, 1894, the firm of Kugelman & Co. was insolvent, and unable to pay its debts, and that the general partner, Julius Kugelman, was also insolvent, and unable to pay his debts, and that that condition of the firm was known to both Kugelman and Vasquez; that prior to the 1st of September, 1894, Kugelman & Co. were indebted to a firm of F. Vasquez & Sons in a large sum of money for loans and advances made to Kugelman & Co. The defendant Francisco Vasquez was the senior partner of F. Vasquez & Sons. It is then alleged that on or about the 1st of September, 1894, Kugelman, the general partner, with full knowledge of the insolvency of the firm of Kugelman & Co. and of his own insolvency, made and delivered to the defendant Vasquez an assignment of large and valuable assets of the limited partnership of Kugelman & Co.; that such transfer and assignment were

made at the request and with the express assent and concurrence of the defendant Vasquez, and with his full knowledge of the insolvent condition of Kugelman & Co. and of Kugelman individually, and with the intent to give the firm of F. Vasquez & Sons a preference over other creditors of Kugelman & Co. It is then alleged in the complaint that the laws of the state of Maryland relating to limited partnerships, and under which the firm of Kugelman & Co. was formed and existed, make void as against creditors every sale and transfer of property or effects of a limited partnership made by such partnership when insolvent, or in contemplation of insolvency, with the intent of giving a preference to any creditor of such partnership or of an insolvent partner; and that it is also provided by the statute of Maryland under which this limited partnership was created that every special partner who shall violate any of the provisions of law of the state of Maryland referred to, or who shall concur in or assent to any such violation by the partnership or by any individual partner, shall be liable as a general partner; and it is then alleged that, by reason of the transfer or assignment of the assets of the special partnership above referred to, the defendant Vasquez became liable to the plaintiff as a general partner, and judgment was demanded against Kugelman and Vasquez as general partners for the amount above mentioned.

Kugelman and Vasquez put in separate answers, which differ in some respects, but it is only necessary now to consider that of the defendant Vasquez. He denies that a limited partnership was formed, as alleged in the complaint or otherwise. He also denies that there was an account stated between the firm of Kugelman & Co. and the plaintiff for moneys advanced or loaned to the limited partnership, and also denies the allegations of the complaint concerning the provisions of the law of Maryland respecting such limited partnerships, and also that he became a general partner by reason of any violation of the law of Maryland relating to limited partnerships, and also that the firm of Kugelman & Co. was insolvent in September, 1894, or that he is liable to the plaintiff by reason of the matters alleged in the complaint. He admits that on the 1st of September, 1894, at the city of New York, the defendant Kugelman, on behalf of Kugelman & Co., made and delivered to him, the defendant Vasquez, an assignment or transfer of a large and valuable portion of the assets of the limited partnership of Kugelman & Co., but he denies that the same was done with any knowledge of the insolvency of Julius Kugelman or of the firm of Kugelman & Co. It would appear that the action was brought on an account stated of loans and advances made by the plaintiff to the special partnership. There is evidence in the case sufficient to show that the amount of money claimed by the plaintiff was actually loaned by him to Kugelman & Co. at various times, and that an account was stated by the co-partnership of its indebtedness for those loans and advances to the plaintiff. The liability of Vasquez, as a general partner with Kugelman, depends altogether upon the provisions of the law of Maryland. If the special partner, Vasquez, violated the provisions of that law respecting the giving of preferences by an insolvent limited partnership, then he became liable as

a general partner. The evidence is convincing that at the time the transfer or assignment of assets was made to him the firm was insolvent, and the testimony was uncontradicted that he (Vasquez) was aware of the condition of the business of the firm, for he had talked about it several times with the agent or attorney in fact of the plaintiff, and he took the assignment with that knowledge, and with the intent to secure the indebtedness due to Vasquez & Sons. It was, therefore, established as matter of fact that the conditions which would make Vasquez liable as a general partner existed in this case.

It is claimed by the defendant, and strenuously argued, that the plaintiff is not entitled to maintain this action, for the reason that the liability which accrues to a special partner by violating the provisions of the law of Maryland referred to is in the nature of a penalty, and that the courts of this state will not enforce penal provisions of the statutes of other jurisdictions. The fundamental error connected with this proposition arises from the misapprehension of the true relation of a special partner to the partnerships. While the statutes of the different states relating to and regulating the establishment of limited partnerships may differ in detail and in essential features, the general scheme of all limited partnerships in all jurisdictions is the same. They are creatures of the statute, but they are nevertheless partnerships, except in so far as there are limitations of liability, or special protection given to special partners. The often-quoted remark in Ames v. Downing, 1 Bradf. (Sur.) 326, states in a few words the precise status of a limited partnership:

"By the statute it is termed a partnership, and both as to the rights of the parties to the contract and as to the world it is in itself a proper partnership, except as it limits the liability of the special partner, and restricts his control over the business of the firm. The members are partners, and by slight irregularities may easily be turned into general partners. The statute terms them partners. Except for the statute, they would be general partners, and from participating in the profits it would seem to be a just consequence that they are partners in every sense, subject to liabilities and enjoying privileges as partners in every particular, except as otherwise specially provided. The common law regulates the mutual rights and duties and liabilities of partners, and governs these limited partnerships in every respect not excepted out of the general rule of the statute."

The object to be accomplished by the institution of a limited partnership is to protect the special partner, and exempt him from a general liability, and to place his capital alone at the peril of the business. Nevertheless, there is a fully-constituted partnership, which, but for the statute, would make the special partner liable as a general partner. Those provisions of the statute which make him liable as a general partner in certain contingencies merely operate to withdraw from him the protection which a limited partnership would otherwise give him. They do not impose upon him a liability which would not exist at the common law; they withdraw the shield the statute affords whenever acts interdicted by it are done. The special partner is exempted from liability as a general partner until he does something which removes from him the protection accorded him by the statute. There is nothing in the nature of a penalty in this. The defendant Vasquez, therefore, became liable as a general partner to

the creditors of the partnership, and the plaintiff claims to be one of those creditors.

It is not denied that the plaintiff made loans and advances of money to the partnership.    The allegation in the answer of Vasquez is only a denial of the statement of an account of such loans and advances. The question is not distinctly raised in this case by the pleadings, nor was the court below directly called upon to consider the point whether, under the law of the state of Maryland, a special partner could recover for loans and advances made to the special partnership independently.    By the general partnership law of the state of New York a special partner may loan money, and make advances, and lend his name and credit to the special partnership, and in that way become a creditor of that partnership, and have the same rights and remedies upon his contract as any other creditor might have.    The only suggestion made by the defendant Vasquez in this connection is that it is not shown that under the law of the state of Maryland the plaintiff would be entitled to sue his co-partner for loans and advances of money made by him to the partnership.    It is true that there is nothing in this record to show what the law of the state of Maryland is on that subject.    The statute of Maryland relating to limited partnerships was not proven in extenso on the trial, although many of its sections were read in evidence, and appear in the record before us.    Whether there is any provision of such statute on that subject we are not informed as matter of fact.    That the plaintiff was a creditor as well as a special partner is admitted.    We are not at liberty to presume that there is a statutory provision in Maryland similar to that of the state of New York, respecting the rights of a special partner as a creditor.    If, as the defendant contends, in the absence of proof of the law of Maryland we are authorized to indulge in any presumption, it would be that this plaintiff's right to recourse against the general partners for his claim asserted in this suit is the same as that of any partner at common law,—that he can sue in assumpsit only after an accounting with his co-partners.    On that basis, however, this plaintiff was entitled to sue.    His right to sue is not complicated by any question of the situation of the firm as to its other creditors.    There is nothing in the proofs nor in the pleadings which gives rise to that question.    As the case was tried, and as the issues come before us, the only question on this branch of the case is whether, in a suit constructed between one partner and the others for a claim against the partnership, the plaintiff is in a situation to sue at law.

There was an accounting between these parties concerning the only thing as to which it was necessary to state an account.    The plaintiff, although a partner, was still a special partner, was not liable to contribute to the partnership debts, nor did he seek to recover anything of the capital contributed or of the assets.    The only objection to his right to sue urged here is the want of an accounting, and that there was such an accounting the proof shows.    That account was duly made out and rendered by Kugelman & Co. as a statement in writing, dated September 5, 1894.

It is further urged on behalf of the defendant Vasquez that the court should have submitted to the jury the question whether or not the firm of Kugelman & Co. was insolvent at the time the transfer was made. The ruling of the court on that subject was right, inasmuch as the evidence was very complete to show the insolvency; and the court did not err in refusing to submit to the jury the question whether the firm of Kugelman & Co. had its principal place of business in Maryland. An offer was made on behalf of the defendant to show that there never was a complete formation of a limited partnership under the laws of the state of Maryland, because the certificate did not state in what county in Maryland the principal place of business of the partnership was to be located, and it did state that the principal place of business was the city of New York. It was sufficient, for the purposes of the plaintiff in this case, that the parties agreed to create a limited partnership, and did in fact conduct their business as a limited partnership; and, as was said by the general term of the supreme court in this very case on a former appeal, the co-partners, by an agreement, having assumed to form a co-partnership fixing the liability of each as between themselves, cannot now be heard to. say, in an action between themselves, that their rights were not controlled by such agreement. 85 Hun, 314, 32 N. Y. Supp. 1140. It was found by the jury that the contribution of capital called for by the articles of association was, as matter of fact, actually made by the special partners, and the evidence upon that subject was sufficient to authorize that finding. There is nothing in the case requiring further consideration.

The judgment must be affirmed, with costs. All concur.

