(143 App. Div. 894.)

## NELSON v. GIBSON.

(Supreme Court, Appellate Division, Third Department.  March 8, 1911.)

SALES (§ 479*)—CONDITIONAL SALE—RETAKING BY SELLER—LIABILITY FOR PRICE.

 Plaintiff sold a team by a contract providing that title should remain in him till the purchase-money note was fully paid.  The purchaser then sold the team to defendant, who assumed the obligation to plaintiff.  *Held*, that the taking of the team by the sheriff at plaintiff's direction, on default in payment of the note, was a taking by plaintiff, constituting a disaffirmance of the sale, so that there could be no recovery of the purchase price, notwithstanding a sale then made in attempted compliance with the lien law, but in fact not complying with it, at which the team was sold for part only of the amount of the note.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1419; Dec. Dig. § 479.*]

Appeal from Special Term.

Action by F. J. Nelson against Charles B. Gibson.  From a denial of his motion to dismiss the complaint and for judgment in his favor on the pleadings, defendant appeals.  Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

David S. Fisk, for appellant.

Bratt & Van Wormer, for respondent.

BETTS, J.  The plaintiff in his complaint alleges: That on February 8, 1908, he sold to one Shaw a team of mares and harness for $650.  Shaw paid $125 thereon, and gave his note, dated February 8, 1908, for $525 balance, payable two months after date.  The note recited that it was given for the purchase price thereof and contained this provision:

"And it is expressly agreed that no title to said property for which this note is given shall pass from F. J. Nelson until this note is fully paid."

That he then and there delivered the said mares and harness to said Shaw.  On April 4, 1908, the complaint alleges Shaw sold and delivered the said mares and harness to the defendant, Gibson, subject to the said note and claim of plaintiff, which said note and claim the defendant then and there assumed, and agreed with said Shaw to pay to the plaintiff as a part of the consideration for the sale and delivery of the property as aforesaid, as plaintiff is informed and believes; and on the same day defendant again assumed the payment of said note and claim, and promised and agreed with the plaintiff that he would pay the same to him.  Upon the note becoming due and payable, plaintiff demanded payment thereof from the defendant which was refused.  The complaint further continues:

"That on or about the 13th day of April, 1908, plaintiff caused said pair of black mares and set of team harness, then in the possession of the defendant, to be seized and advertised for sale  *  *  *  on the 21st day of April, 1908."

---

Notices of such sale were duly posted on April 13th, and due and timely notice given to defendant. Plaintiff caused the mares and harness to be exposed for sale, and they were sold for the sum of $450; that being the best price obtainable and the highest sum bidden therefor. The sale was conducted by a deputy of the sheriff of Washington county, and his fees and expenses, amounting to $21.50, added to the amount of the note and interest and deducting $450 therefrom, leaves a balance of $102.88, for which plaintiff demands judgment.

The answer of the defendant, so far as material here, is a denial, and contains an allegation that the said mares and harness were left with him for sale by Shaw on April 4, 1908, with the request for the defendant to dispose of the same, provided said defendant could obtain enough for said Shaw by any means to net said Shaw any amount over and above a lien which said Shaw claimed one Nelson held on said property. Then and there Shaw agreed to call for and take away said property on April 8, 1908, in case no favorable sale was made; but Shaw failed to take them away, and defendant notified Nelson, and asked him to come and remove the same, which Nelson failed to do, except as the deputy sheriff took them on presentation of a notice of sale and demand.

Upon these pleadings the defendants made a motion at Special Term for the dismissal of the complaint herein, and for an order directing the entry of judgment in favor of the defendant upon the pleadings, which motion was denied, and defendant appeals.

Prior to the enactment of the lien law or personal property law, hereinafter to be referred to, it was the law that when a chattel is delivered to one who has bargained for the purchase thereof and agreed to pay therefor at future day, under an express contract that no title is to vest in him until payment, the property of the vendor is not divested, and the purchaser takes at most only a right by implication to the use of the chattel until default in the stipulated payment. So held in favor of vendor as against a creditor of a vendee who had caused a levy to be made upon a chattel in possession of said vendee, it appearing that the sheriff had notice of the plaintiff's title previous to the sale. Herring v. Hoppock, 15 N. Y. 409. See, also, Ballard v. Burgett, 40 N. Y. 314, where it is held that a bona fide purchaser of personal property, although from one who has the possession, acquires no better title than that of his vendor, where a purchaser under much the same circumstances as the case here sold the chattel to the defendant for the full price, and who bought in good faith without notice of the plaintiffs' rights. It was further held that the defendant acquired no title as against the plaintiffs, the vendors.

In this case Shaw had a contract for conditional sale only, and manifestly he could give no better title to the defendant than he possessed himself. The action here is not brought upon any sale by the plaintiff to the defendant, for none is pleaded, but upon the sale of Shaw to the defendant and defendant's agreements, made with Shaw and made with the plaintiff concerning payment of the note. See, also, Austin v. Dye, 46 N. Y. 500. The transfer from Shaw to the defendant did not materially change the nature of the transaction. The

plaintiff was still the owner of the mares and the harness. He had no lien thereon, for the reason that a person could not, prior to the lien law, at least, have a lien upon his own property.

In Earle v. Robinson, 91 Hun, 363, 370, 36 N. Y. Supp. 178, affirmed in 157 N. Y. 683, 51 N. E. 1090, upon the opinion of the court below, which is a case very similar to this, the purchaser had taken possession of the property under an agreement that it was to remain the seller's until paid for, and given notes in partial payment therefor. Later on, the notes given for the payment of the property not being met, the original sellers took possession of the property under the original contract to sell the same, sold the property, and then desired to hold the original purchaser for the amount of the notes in addition to having taken away the property. The court held, where there has been a sale of goods with a precedent condition that the title shall not pass until the full payment of the purchase price, the vendor cannot have a lien for the purpose money. A vendor cannot have a lien on his own goods. It was held, further, that the sale of the chattel in the first instance was conditional, and that, as the purchaser had made default in the payment of the notes, he never had title to the property for which they were given, and that the vendors could have no lien upon articles sold under an agreement that the title thereto should not pass until full payment of the purchase price. It is very difficult to distinguish the Earle Case from the one we are considering.

White v. Gray's Sons, 96 App. Div. 154, 156, 89 N. Y. Supp. 481, is authority for the proposition that a vendor under a conditional sale cannot have both the property and the purchase price. Where he has elected to retake the property absolutely, the consideration for obligations or security given for the purchase price fails, and he can neither collect upon the one nor enforce payment of the other. See, also, Cooper v. Payne, 111 App. Div. 785, 97 N. Y. Supp. 863, where it is held that upon a conditional sale, where the vendor has reserved the right to retake the possession on the failure of the vendee to pay notes given for a balance due, and does so retake possession, he cannot thereafter recover the purchase price, and the consideration for the notes fails. "Plaintiff cannot disaffirm the contract of sale, take and keep his property, and at the same time require the defendant to pay therefor. Neither could he sell the property and apply the proceeds of such sale on the promissory notes of the defendant."

Here the taking of the mares and harness by the deputy sheriff was a taking by plaintiff. The sheriff had no process for taking them, except the direction of the plaintiff so to do. When plaintiff took them, as we have seen, by ample authority, he took his own property, and the consideration for the note failed. What he did with the mares and harness after taking them is immaterial. The route may have been circuitous, but the destination was the same. He took his property where he found it, and disaffirmed his contract of conditional sale, and could not thereafter recover on the note.

It is provided in the personal property law (Laws 1897, c. 417) and the lien law (Laws 1897, c. 418) as it existed in 1908 that under certain conditions and upon complying with those statutes a seller may

enforce and collect a lien on a conditional sale of goods; but this is a strict statutory remedy, and the statute must be followed. Amongst other things, the vendor, upon retaking such property, must retain it for a period of 30 days. Here it was retained for 8 days. The vendor, before sale, must give 15 days' notice thereof. Here 8 days' notice was given. Hence the statutes were not complied with, and there is no claim made that they were.

I think the complaint does not state a cause of action, and should have been dismissed, and motion granted. It follows that the order should be reversed, and judgment granted as asked for in the motion, with costs to the defendant.

Order reversed, with $10 costs and disbursements, and motion for judgment granted, with costs, with leave to plaintiff to amend his complaint, upon payment of the costs in this court and in the court below. All concur; HOUGHTON, J., in memorandum, in which KELLOGG, J., concurs.

HOUGHTON, J. (concurring). I concur in a reversal of the order, on the ground that the complaint, fairly construed, alleges, not a sale of property upon which there was a lien, which the defendant agreed to pay as part of the purchase price, but rather an attempted sale of property according to the provisions of sections 116 and 117 of the lien law, with demand for payment of the deficiency. The sale not having been conducted in accordance with the provisions of these sections, the plaintiff cannot recover the balance. He not having complied with the law, his legal status is the same as though he had chosen to retake the property absolutely; and, having so done, as shown by Mr. Justice BETTS in his opinion, he has no further right of action.