BRAMHALL–DEANE CO. v. McDONALD.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

1. SALES &⇒456—CONTRACTS—CONSTRUCTION.

A contract whereby plaintiff delivered to defendant chattels under an agreement that defendant should pay as rent of the chattels a sum equal to their agreed value, with the provision that on completion of the payments of rent title should pass to defendant on payment of $1, the contract was one of conditional sale, and not of a lease, despite the use of the expression "rent."

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1327–1331; Dec. Dig. &⇒456.]

2. SALES &⇒479(6)—CONDITIONAL SALES—ACTIONS—DEFENSES.

Municipal Court Act (Laws 1902, c. 580) § 139, declares that an instrument in writing showing a conditional sale of property shall be deemed a lien, which may be foreclosed. Under a contract of conditional sale, which, however, termed the agreement one of lease, plaintiff brought an action to foreclose the lien. Held that, in such case, as the vendor could not have a lien on property to which he had title, the action was equivalent to an admission of defendant's title, and so defendant was entitled to show the vendor's breach of warranty as a defense.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1426; Dec. Dig. &⇒479(6).]

Appeal from Appellate Term, First Department.

Action by the Bramhall-Deane Company against Mary E. McDonald. A judgment for plaintiff in the Municipal Court was affirmed by the Appellate Term, and defendant appeals. Reversed and remanded.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, and DAVIS, JJ.

Mark G. Holstein, of New York City, for appellant.
Mortimer W. Byers, of New York City, for respondent.

DAVIS, J.   This action was brought in the Municipal Court of the City of New York to foreclose a lien on chattels under section 139 of the Municipal Court Act.   There was a judgment in favor of the plaintiff, which was affirmed by the Appellate Term of the Supreme Court. From the determination of the Appellate Term the defendant appeals by permission.

[1]   On or about December 11, 1914, the plaintiff and defendant entered into a written agreement by the terms of which the plaintiff delivered to the defendant certain articles of a kitchen and serving pantry equipment set forth in a schedule annexed to the agreement.   On her part the defendant agreed to pay as rent of these chattels the sum of $1,809, the agreed value of all the articles; $450 on receipt of the goods and the remainder in equal installments, within four months, each installment to be paid on the 15th of the month.   The parties agree that the instrument is to be deemed a lease, and not a sale or transfer of the property referred to.   The defendant also agrees to return the property to the plaintiff at the termination of lease; but, if at that time, the $1,809 having been paid, the defendant desires to buy the property, she may do so upon paying to plaintiff "the sum of $1 as the purchase price of same."

One of the questions arising on this appeal is whether this agreement is really a lease or a contract of conditional sale.   The decision of this question has a bearing on the defenses available to the defendant.   The contract in question is similar to the contract under consideration in the case of Gardner v. Town of Cameron, 155 App. Div. 750, 140 N. Y. Supp. 634 (affirmed without opinion in 215 N. Y. 682, 109 N. E. 1074), where it was held that the instrument, though called a lease, was in fact a contract of conditional sale.   In that case the agreement provided for the use by the town of a machine for not less than 64 days in each year of four succeeding years, and that:

"Upon the completion of the last-mentioned rental payment, provided that said second party shall have well and truly kept all covenants and agreements herein made by it, and shall have used said roller as herein agreed, and shall have paid in full the rental thereof, then and in that case, for the consideration of $1, and the rental payments mentioned herein, the party of the first part agrees to sell to the party of the second part the above-mentioned steam roller clear and free of all incumbrances."

The court held (155 App. Div. 753, 140 N. Y. Supp. 637) the instrument to be a contract of conditional sale:

"The contract is, in effect, an express agreement on the part of the Buffalo Steam Roller Company, for the consideration of $1 and the rental payments mentioned herein, to sell to the party of the second part the above-mentioned steam roller clear and free of all incumbrances."

Having reached the conclusion that the agreement was one of conditional sale, the court proceeded to consider whether or not the town superintendent had power to make the agreement of sale, a question with which we are not concerned here.

In the case at bar the contract provides that the value of the chattels is $1,809, and that upon the payment of this sum as rental the defendant may have title to the property "for the sum of $1 as the

purchase price of same." Obviously this was also a contract of conditional sale, and not a lease, the title to remain in the plaintiff until the payment by defendant of the purchase price of $1,809, together with $1 additional.

[2] Under section 139 of the Municipal Court Act as it existed at the time this action was brought, an instrument in writing showing a conditional sale of personal property shall be deemed a lien, and such lien may be foreclosed as provided in article IV of the act. As stated above, the plaintiff brought its action under this section of the act. In bringing the action to foreclose its lien, it elected to declare the title to the chattels to be in the defendant, and a judgment in the foreclosure action establishing plaintiff's lien would be an adjudication that title was in the defendant. Upon this point see the case of Jacob v. Columbia Storage Warehouses, 125 App. Div. 556, 109 N. Y. Supp. 1015. In that case the contract was like that in the case at bar. The action was brought in conversion by the assignee of the vendor against the depositary of the vendee. The complaint alleged that the plaintiff was the owner and entitled to the possession of a certain piano, of the value of $500, then in the possession of the defendant, and that the defendant had converted it to its own use. In substance the answer alleged that defendant was in possession of the piano, as a depositary of Mary E. Williams, and that she was the owner and entitled to the possession thereof. On the issue of title to the property the defendant put in evidence a judgment of the Municipal Court in an action to foreclose a lien under section 139 brought by the plaintiff against Mary E. Williams, in which that court found that the plaintiff had a lien on the piano in question. In the course of its opinion the court say:

"The difficulty with the plaintiff's claim is that it has already been adjudicated that he has a lien on the chattel which has been directed to be sold. * * * That is an adjudication that Mrs. Williams was the owner, is res adjudicata upon the subject, and prevents the plaintiff from now claiming to be the owner, * * * and I do not see how, under the circumstances disclosed by this record, he [the plaintiff] can have an action for conversion in the Municipal Court."

In the case of Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17, affirmed in 193 N. Y. 622, 86 N. E. 1126, the complaint was in conversion. The plaintiff there had installed a heating plant in certain premises of the conditional vendee under a conditional contract of sale by the terms of which title was to remain in the plaintiff until payment was fully made. It appeared that the plaintiff had filed a mechanic's lien against the interest of the conditional vendee in the premises. In holding that the complaint was properly dismissed the court say:

"The filing of this notice was the assertion of a claim irreconcilable and inconsistent with the one made in this action. That claim was predicated upon the fact that the title to the plant had passed from the plaintiff to Liebeskind [the vendee], while here the claim is that title never passed but always remained in the plaintiff. Therefore, if it be held that at the time the notice of lien was filed the title was in the plaintiff, and by reason of that fact he had an election whether he would take the plant or seek to recover its

purchase price by acquiring a lien upon the real estate, he, by filing the notice of lien, made his election and was bound by it."

It is well settled that a vendor can have no lien upon his own goods. Nelson v. Gibson, 143 App. Div. 894, 129 N. Y. Supp. 702. Nor has section 139 changed that rule of law, so as to give the vendor a lien upon chattels, the title to which remains in the vendor. This section simply provides that, if the conditional vendor wishes to enforce his contract of conditional sale, he must do it in an action to foreclose a lien, using the written contract as evidence of his lien, all of which presupposes that title to the chattels is in the vendee.

The plaintiff might have brought an action of conversion in the proper court, or it might have retaken the property under article 4 of the Personal Property Law (Consol. Laws, c. 41), or do as it has done, brought an action to foreclose a lien. Having elected to enforce a lien against the property in question, the transaction then became an absolute sale with title in the defendant, with the right to such defenses to the action as the facts warranted. For instance, the defendant here claimed that as to certain of the articles sold there was a breach of warranty, that she offered to return these articles, but that plaintiff refused to accept them, and that with the exception of the value of these articles and $42.50 she had paid the full purchase price and had tendered to the plaintiff the $42.50. All this evidence was excluded under plaintiff's objection, and we think this was error requiring a reversal of the judgment.

The determination of the Appellate Term is reversed, as well as the judgment of the Municipal Court, and a new trial is granted, with costs in all courts to appellant to abide the event. Order filed. All concur.