GEORGE A. OHL & COMPANY, Respondent, *v.* STANDARD STEEL SECTIONS, INC., Appellant.

First Department, October 26, 1917.

Contract — evidence establishing place of contract and law governing validity — equity — suit for balance of purchase price of machinery and for foreclosure of lien or chattel mortgage — evidence establishing conditional bill of sale — right to trial by jury — waiver of such right — practice when complaint in equity states only a cause of action at law — no presumption as to statutory law of sister State — evidence as to common law.

A complaint in a suit in equity by a New Jersey corporation alleged the sale and delivery of a power press in said State to the defendant, a New York corporation, pursuant to a written agreement, and demanded judgment for the balance of the purchase price and for the foreclosure of a lien or chattel mortgage which it claimed by virtue of the written agreement to secure the payment of the balance of the purchase price. The defendant after putting in issue some of the material allegations of the complaint, pleaded a counterclaim for damages for breaches of warranty. The suit was tried and decided at Special Term on the theory that it was brought for the foreclosure of the plaintiff's lien on the power press and for a deficiency judgment for the balance.

*Held*, that since from the correspondence and telephonic communications between the defendant's New York office and the plaintiff's office in New Jersey, it appears that the final communication showing that the minds of the parties had fully met before the formal contract was signed was from the New Jersey office, said contract must be regarded as made in New Jersey, and its validity and effect should be decided by the law of that State;

That the agreement between the parties constituted both at common law and under our Personal Property Law, a conditional bill of sale, and there was no necessity for a construction thereof giving the plaintiff a lien, for it had both at common law and under our Personal Property Law, if applicable, a right to retake the property on default or to sue for

the balance owing on the purchase price, but it retained no lien after parting with possession, and a retaking would constitute a rescission of the sale and prevent a recovery of judgment for any balance due;

That, therefore, a judgment in favor of the plaintiff entered upon a decision at Special Term should be reversed and the cause transferred to the jury calendar;

That as the plaintiff had no lien it was only entitled to retake the property or to recover for the balance of the purchase price for which in the first part of its prayer for relief it demanded judgment;

That the defendant did not under the circumstances waive its right to a jury trial.

Although under the former practice if a plaintiff failed to show a cause of action alleged for equitable relief, his complaint was dismissed, the modern rule is that if he sues in equity and it develops on the trial that on the facts alleged he has a cause of action at law but not in equity, or, if he had a suit in equity when the action was commenced but was not entitled to equitable relief at the time of the trial, the complaint should not be dismissed, but the issues should be sent to the jury calendar.

Where the complaint, as in this case, entitles the plaintiff to have the cause placed on the Special Term calendar for trial, it would be an infringement of defendant's constitutional right to a trial by jury to hold the cause and proceed to judgment against the will of the defendant, after deciding that the plaintiff at no time had a cause of action in equity.

A court of equity should not be astute to find a justification for continuing jurisdiction and deciding an action at law on the theory of a waiver of the right to a jury trial by implication.

There is no presumption that the statutory law of a sister State is the same as that of this State, and in the absence of proof of the statutory law, it must be assumed that the common law, which is deemed to be the same as in our State, governs.

APPEAL by the defendant, Standard Steel Sections, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 2d day of May, 1916, upon the decision of the court after a trial at the Bronx Special Term.

*Joseph J. Baker,* for the appellant.

*Joab H. Banton,* for the respondent.

LAUGHLIN, J.:

The plaintiff, a New Jersey corporation engaged in manufacturing power presses at Newark, N. J., alleged the sale and delivery of a power press at that place to the defendant, a New York corporation engaged in manufacturing steel

sections and ornamental steel work in the city of New York, pursuant to the terms of an agreement in writing made between the parties on the 13th day of April, 1914, a copy of which is annexed to the complaint and made a part thereof, and default on the part of the vendee in paying the balance of the purchase price, aggregating $2,370 for which, together with interest and costs, it demanded judgment; and this demand for judgment was followed by a prayer for the foreclosure of a lien or chattel mortgage on the power press, which the plaintiff alleged it had by virtue of the provisions of the agreement, and that the net proceeds of the sale be applied on the judgment to be recovered for the balance of the purchase price. The defendant, evidently with a view to claiming that the Personal Property Law of this State governs the rights and remedies of the parties, denied that the agreement was made in New Jersey, as alleged; and, while admitting the making of the formal agreement set forth by the plaintiff, which recites that the contract was made in New Jersey, defendant alleged that the contract had, in fact, been made on the first day of April, but with the understanding that it should be subsequently formally evidenced, as it was, by the agreement of April thirteenth. The evidence upon which defendant relies consists in correspondence and telephonic communications between its office in New York and plaintiff's office in Newark, and it would seem therefrom that the final communication, showing that the minds of the parties had fully met before the formal contract was signed, was from the New Jersey and not the New York office. The contract, therefore, must be regarded as one made in New Jersey, and its validity and effect are to be decided by the law of that State. (*Nichols* v. *Mase*, 94 N. Y. 160, 167.)

The action was tried and decided on the theory that it was brought for the foreclosure of the plaintiff's lien on the power press and for a deficiency judgment for the balance owing on the purchase price although, as already shown, that was not literally in accordance with the plaintiff's demand for relief. The appellant claims that since no deficiency judgment was demanded none could be granted. The defendant, after putting in issue some of the material allegations of the complaint, pleaded a counterclaim for

damages for breaches of warranty with respect to the press. The trial court dismissed the counterclaim and decided that the plaintiff had a lien on the power press for the balance unpaid on the purchase price thereof, and was entitled to a decree of foreclosure and to a judgment for any deficiency.

The learned counsel for the appellant contends at the outset that the plaintiff had no equitable cause of action and that it had no lien to foreclose and that the trial court should have so decided and should have sent the case to the jury calendar for the trial of the other issues. Counsel for the respondent attempts to meet this point by claiming that the defendant has impliedly waived its right to a jury trial by failing to demand it or to object to a trial of the issues before the court at Special Term and that, therefore, even though the plaintiff may only have a cause of action at law, the judgment in its favor can be sustained for the balance of the contract price of the machine. Counsel for appellant replies that the suit was brought in equity and that as no deficiency judgment was demanded he was justified in assuming that the action was to recover possession of the press and to foreclose the alleged lien without any deficiency judgment as if plaintiff had retaken the press and proceeded as prescribed in sections 65, 66 and 67 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45) to cut off any equity appellant had by virtue of the payments made. We are of opinion that under the circumstances the defendant should not be deemed to have waived its right to a jury trial in the event that it shall be decided that the plaintiff never had a lien to foreclose and only had a cause of action at law. Under the former practice if the plaintiff failed to show a cause of action alleged for equitable relief his complaint was dismissed (*Burroughs* v. *Tostevan*, 75 N. Y. 567; *Dudley* v. *Congregation, etc., of St. Francis*, 138 id. 451; *Carroll* v. *Deimel*, 95 id. 252; *Weyer* v. *Beach*, 79 id. 409), but the modern rule is that if he sues in equity and it develops on the trial that on the facts alleged he has a cause of action at law but not in equity, or if he had a suit in equity when the action was commenced but was not entitled to equitable relief at the time of the trial, the complaint should not be dismissed but the issues should be sent to the jury calendar.

(*Mowbray* v. *Levy*, 85 App. Div. 68; *Haffey* v. *Lynch*, 143 N. Y. 241; *McNulty* v. *Mt. Morris El. Light Co.*, 172 id. 410; *Gilbert* v. *Bunnell*, 92 App. Div. 284; *Thomas* v. *Schumacher*, 17 id. 441; affd., on opinion of INGRAHAM, J., 163 N. Y. 554; *Ashley* v. *Lehmann*, 54 App. Div. 45; *Levy* v. *Knepper*, 117 id. 163; *Stoller* v. *Franken*, 171 id. 327, 330; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Sternberger* v. *McGovern*, 56 id. 12, 21; *Wetmore* v. *Porter*, 92 id. 76; *O'Beirne* v. *Allegheny & Kinzua R. R. Co.*, 151 id. 372, 383; *Clarke* v. *Borough Asphalt Co.*, 93 Misc. Rep. 662.)   This is not a case where the cause was placed on the wrong calendar and tried by consent. The complaint as framed entitled the plaintiff to have the cause placed on the Special Term calendar for the trial of the issues by the court, and to have them so brought to trial. In such circumstances, to hold the cause and proceed to judgment against the will of the defendant after deciding that the plaintiff at no time had a cause of action in equity, would be an infringement on defendant's constitutional right to a trial by jury. (See *Mowbray* v. *Levy, supra.*)   Therefore, a court of equity should not be astute to find a justification for continuing jurisdiction and deciding an action at law on the theory of a waiver of the right to a jury trial by implication.   Doubtless the question as to whether the plaintiff had a lien was presented by the pleadings and the defendant could have tested plaintiff's right to a trial before a court of equity by a motion when the case was moved, but we think the plaintiff cannot complain that this was not done for it brought the action for equitable relief and by placing it on the Special Term calendar and proceeding with the trial it insisted that it was entitled to equitable relief.   If the plaintiff established a *prima facie* case for equitable relief the defendant could have met and overcome it by attempting to show, as it did, that it had a counterclaim for more than the balance of the purchase price. (See *Peuser* v. *Marsh*, 218 N. Y. 505.)   If, therefore, the trial court had not held that plaintiff had a lien it might have followed the proper practice and have remitted the remaining issues for a jury trial.   Moreover, prior to the commencement of this action the defendant brought an action in the Supreme Court, county of Bronx,

to recover on the facts alleged in its counterclaim herein and in that action the plaintiff counterclaimed for a recovery as prayed for in the complaint herein. The plaintiff herein, on appearing in the action at law brought by the defendant against it for the breaches of warranty, brought this suit in equity; and after it was at issue defendant moved that the trial of the issues be.stayed to the end that the issues in the action at law be tried first. That motion was opposed and denied and the order denying it was affirmed on an appeal here (168 App. Div. 951). The question, however, as to whether on the pleadings plaintiff would be entitled to equitable relief was neither argued nor decided on that appeal. There is, therefore, no ground for contending that either the court or the plaintiff has been misled with respect to the attitude of the defendant concerning a jury trial, or upon which it should be held that the defendant has by implication waived its right to a jury trial if it be decided that the plaintiff has no cause of action in equity.

The first part of the agreement describes the transaction as a lease of the machine for seventeen months for $3,720, to be paid $1,200 on acceptance of the machine and the balance in equal monthly payments, from the date of shipment, of $150. The machine was manufactured, assembled, tested and accepted at plaintiff's factory; and was shipped to the defendant and set up and used by it; and it made the first two payments, and then defaulted. The plaintiff alleges that the agreement constituted a lien or chattel mortgage in its favor to secure the payment of the balance of the purchase price. It is evident that the agreement was not drawn on that theory for it is expressly therein provided that the vendor should deliver the machine to the vendee, by which at common law he would loose his vendor's lien; and that the title should remain in the vendor until the payments were fully made, which is inconsistent with a lien; and that upon default continued for ten days the vendor should have a right to retake the machine " and enjoy the same as though these presents were not made." It was further expressly agreed that the machine was to remain the property of the vendor and subject to its order until paid for in full; that no partial payment should divest the

vendor of the title until payments were made in full; that all partial payments should be forfeited in case of default; that the vendor should have a right to enter upon the vendee's premises and detach and take possession of and remove the machine; and further, that the sum forfeited by the vendee should compensate the vendor " for the erection, depreciation in value, dismounting and removal of said goods." It was also further expressly provided that upon full payment of the installments by the vendee and the further payment of five dollars the machine should become the property of the vendee and that the vendee should have the right to make such payments at any time before they became due and should thereupon be entitled to a bill of sale. Both at common law and under our Personal Property Law such a contract is deemed a conditional bill of sale. (*Bramhall, Deane Co.* v. *McDonald*, 172 App. Div. 780; *Gardner* v. *Town of Cameron*, 155 id. 750; affd., 215 N. Y. 682; *Ostrander* v. *Bricka*, 91 Misc. Rep. 255; *Nelson* v. *Gibson*, 143 App. Div. 894; *Ballard* v. *Burgett*, 40 N. Y. 314; *Herring* v. *Hoppock*, 15 id. 409; *Cole* v. *Berry*, 42 N. J. L. 308.) Of course, it would be competent for the Legislature where the contract is made, to provide, in effect, that such contracts should be deemed to give the vendor a lien upon the property which may be foreclosed; and there was such legislation enacted with respect to actions brought in the Municipal Court of the City of New York. (See Mun. Ct. Act [Laws of 1902, chap. 580], § 139, as amd. by Laws of 1910, chap. 542; *Quattrone* v. *Simon*, 82 Misc. Rep. 610; 85 id. 357; *Bramhall, Deane. Co.* v. *McDonald, supra*; *Mathushek & Son Piano Co.* v. *Weld*, 94 Misc. Rep. 282. See, also, *Petze* v. *Waters & Co.*, N. Y. L. J. Oct. 10, 1917. See Mun. Ct. Code [Laws of 1915, chap. 279], § 70 *et seq.*) The trial court found that the agreement constituted a conditional bill of sale, but also gave the vendor a lien on the machine in the possession of the defendant. Here, there is no necessity for a construction of the contract which will give the vendor a lien, for under this agreement the vendor both at common law and under our Personal Property Law, if applicable, would have had a right to retake the property on default or could have sued for the balance owing on the purchase price; but it retained

no lien after parting with possession, and retaking the property would constitute a rescission of the sale and prevent a recovery of a judgment for any balance due. (*Ratchford* v. *Cayuga County Cold Storage & W. Co.*, 217 N. Y. 565; *Edmead* v. *Anderson*, 118 App. Div. 16; *Nelson* v. *Gibson, supra; White* v. *Gray's Sons*, 96 App. Div. 154; *Cooper* v. *Payne*, 111 id. 785, 788; *Bramhall, Deane Co.* v. *McDonald, supra.*) We are not concerned with any question respecting the application or effect of any New Jersey statutory law upon this contract, for none was proved, and there is no presumption that the statutory law of a sister State is the same as that here, and in the absence of proof of the statutory law it must be assumed that the common law governs, which is deemed to be the same as is administered in our State. (See *Casola* v. *Kugelman*, 33 App. Div. 428; affd., *sub nom. Casola* v. *Vasquez*, 164 N. Y. 608.) But, as has been seen, the rule of the common law and of our Personal Property Law so far as applicable here are the same. It is unnecessary to fathom the jurisdiction of a court of equity and to decide whether in any possible circumstances a court of equity might entertain jurisdiction to protect the rights of a vendor under such a contract, for no special circumstances are alleged or shown to take this case out of the general rule to which reference has been made. The plaintiff, therefore, has no lien and was only entitled to retake the property or to recover for the balance of the purchase price for which, in the first part of its prayer for relief, it demanded judgment.

It follows that the judgment should be reversed, with costs to the appellant to abide the event, and that the cause should be transferred to the jury calendar for trial.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event, and cause transferred to jury calendar for trial. Order to be settled on notice.