MILTON STERN, Appellant, *v.* PENNSYLVANIA TERMINAL GARAGE, INC., Respondent.

Supreme Court, Appellate Term, First Department, March Term — Filed May, 1923.

**Replevin — lease of automobile — when one buying from lessee gets no title.**

In replevin to recover from defendant a Locomobile limousine and a Packard touring car, the limousine was the only car found in the possession of the defendant and as shown by uncontradicted evidence said car was sold by one S. to plaintiff who leased it for a stated term to one K. by a written agreement which contained no provision giving to K. the option to purchase the car upon making certain payment or for crediting towards the purchase price the sums paid as rent. The defendant claimed that it purchased the car from K. *Held*, that defendant could acquire no better title than K. had and as the record disclosed nothing to justify a finding that K. owned the car or that, irrespective of the agreement or its form, title would vest in him upon making payments provided for therein, a judgment dismissing the complaint upon the merits will be reversed and judgment rendered for plaintiff for the possession of the limousine or if possession thereof cannot be given for the sum of $650.

GUY, J., concurring; COHALAN, J., dissenting.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, rendered in favor of defendant, dismissing the complaint upon the merits after a trial before the court without a jury.

*Abram Goodman* (*Isidor Enselman*, of counsel), for appellant.

*James C. Cleary* (*Louis M. Brass*, of counsel), for respondent.

WASSERVOGEL, J. The action is in replevin and was brought by plaintiff, doing business as Auto Finance Company, to recover one Locomobile limousine car and one Packard touring car. The

Locomobile limousine was the only car found in the possession of the defendant, Pennsylvania Terminal Garage, Inc. It is the uncontradicted evidence in the case that the Locomobile in question was sold by one William A. Saks to plaintiff and that it was rented by plaintiff to one Charles Ketterer for a period of twenty-five weeks. The agreement entered into between plaintiff and Ketterer contained the following provisions:

" It is distinctly understood that this is a contract of renting only, and not a sale, conditional or otherwise.

" And the said party of the second part hereby agrees that he will use said leased property in a careful and prudent manner; that he will not sublet or in any way dispose of the same to any one during the continuance of this lease without the written consent of the said party of the first part; that he will not remove, or attempt to remove, the said leased property from the limits of New York County, without the consent of the said party of the first part endorsed in writing hereon; that he will surrender up the same to the said party of the first part upon default or at the expiration of this lease in as good condition as when he took the same (natural wear excepted).    *    *    *

" The lessee hereby agrees to return the leased car to the lessor at the lessor's place of business immediately upon lessee's failure to comply with any of the terms and conditions of this agreement without any previous demand by the lessor upon the lessee so to do. The failure of the lessee to return the car as aforesaid shall be deemed a conversion of the leased property by the lessee without any demand and refusal."

Defendant claimed that it purchased the car from Ketterer and the court found that the witness Saks, who had been called by defendant, sold the car to Ketterer who in turn sold it to the defendant, Pennsylvania Terminal Garage, Inc. Although Ketterer was a defendant in the case he did not appear upon the trial.

There is no provision in the agreement between plaintiff and Ketterer giving to Ketterer the option to purchase the car on making certain payments, or for crediting towards the purchase price the sums paid as rent. In this respect this case is to be distinguished from the cases of *Bramhall, Deane Co.* v. *McDonald,* 172 App. Div. 780, and *Gardner* v. *Town of Cameron,* 155 id. 750, cited by respondent. Defendant could not acquire better title than Ketterer, its alleged transferrer, had. The record discloses nothing to justify the finding that Ketterer owned the car, or that irrespective of the terms of the agreement or the form thereof title would vest in the so-called lessee upon making the payments provided for in the instrument.

Judgment reversed, with thirty dollars costs, and judgment rendered for plaintiff for possession of the Locomobile limousine, or, if possession cannot be given, for the sum of $650.

GUY, J., concurs; COHALAN, J., dissents.

Judgment reversed.