(96 App. Div. 154.)
WHITE v. A. W. GRAY'S SONS.

(Supreme Court, Appellate Division, Third Department.    June 30, 1904.)

1. CONDITIONAL SALE—RETAKING PROPERTY—PURCHASE PRICE—RIGHT TO RE-
COVER.
    Where property is sold on condition that the seller has the right to re-
    take it for the nonpayment of an installment of the purchase price, the
    absolute retaking of the property by the seller defeats his right to recover
    unpaid installments.

2. SAME.
    Where property is sold on condition that the seller has the right to re-
    take it for the nonpayment of an installment of the purchase price, the
    retaking of the property by the seller as trustee for the buyer entitles the
    buyer to offset the value of the property against the balance of the pur-
    chase price remaining unpaid in an action by the seller to enforce payment
    thereof.

Appeal from Trial Term, Clinton County.

Action by James White against A. W. Gray's Sons.    From a judg-
ment for defendants, and an order denying a motion for a new trial,
plaintiff appeals.    Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER,
and HOUGHTON, JJ.

W. H. Dunn, for appellant.

A. W. Boynton, for respondent.

HOUGHTON, J.    The plaintiff purchased a threshing machine
from the defendant upon condition that the machine should remain
the property of the vendor until the purchase price, payable in install-
ments, and represented by promissory notes, should be fully paid.
Upon the execution of the contract and delivery of the machine to the
plaintiff, a portion of the purchase price was paid, and four promis-
sory notes of $55 each, due at various times, were delivered to the de-
fendant.    Prior to the commencement of this action the plaintiff paid
the one first becoming due, with interest.    The plaintiff claims that it
was a part of his contract of purchase that the defendant should keep
on hand in his vicinity parts of the machine for the purpose of repairs,
and that because of breach thereof he was deprived of the profits of a
threshing season.    The action was commenced in justice's court to
recover such damages.    The defendant set up by way of counterclaim
two of the notes, which were then due.    The plaintiff obtained judg-
ment, whereupon the defendant appealed to the County Court for a
new trial, on which the plaintiff was nonsuited as to his cause of action,
and a judgment was directed against him on the counterclaim for the
amount due on the notes.

Without passing upon the question as to whether or not the plain-
tiff has any right of action on his alleged claim, we think the judgment
must be reversed because of an error in the rejection of evidence.
The plaintiff offered to show, for the purpose of defeating the notes,
that the defendant had taken possession of the machine, which, under
objection, was excluded.    This was manifest error.    Under its contract
the defendant had the right, in case of nonpayment, to retake the prop-

erty. The plaintiff had a right to show how and under what circumstances it was retaken. If absolute, because it belonged to the defendant, there could be no recovery for the full purchase price. A vendor under a conditional sale cannot have both the property and the purchase price. Where he has elected to retake the property absolutely, the consideration for obligations or security given for the purchase price fails, and he can neither collect upon the one nor enforce payment of the other. Earle v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178, affirmed on opinion of court below 157 N. Y. 683, 51 N. E. 1090; Orcutt v. Rickenbrodt, 42 App. Div. 238, 59 N. Y. Supp. 1008. Even if it be claimed that the defendant took the property as trustee for the plaintiff, still the plaintiff would have the right to the evidence and facts and circumstances of the taking, for in that case he would be entitled to have the value of the property offset against the balance of the purchase price remaining unpaid. No question of pleadings can arise, for a reply is not necessary in justice's court (Code Civ. Proc. § 2935), and on an appeal for a new trial in the County Court the issues are those framed in the court below (Utter v. Nelligan, 92 Hun, 185, 36 N. Y. Supp. 591).

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.