(118 App. Div. 32)

## KIRK v. CRYSTAL.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. FIXTURES—HEATING PLANT—CONDITIONAL SALE.
   Where plaintiff installs a heating plant under contract that title thereto shall remain in him until fully paid for, the property remains personalty as between the contracting parties.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, § 5.]

2. SAME—BONA FIDE PURCHASER OF PREMISES.
   Where a heating plant is installed, under a contract retaining title in the seller until paid for, the plant consisting of a large boiler and pipes extending through the building, connected with radiators and intended as the only heating apparatus for the building by the plaintiff and by the owner. the plant becomes a part of the realty as to a bona fide purchaser of the premises.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, §§ 44, 45.]

3. ELECTION OF REMEDIES — INCONSISTENCY OF ALTERNATE REMEDIES — ACTS CONSTITUTING ELECTION.
   Where plaintiff, having installed a heating plant under contract that its title should remain in him until fully paid for, filed a mechanic's lien on the premises for an unpaid balance, such filing constituted an election of plaintiff to abandon title to the plant and recover the purchase price.

4. SALES—TITLE OF PURCHASER IN GOOD FAITH—STATUTE.
   Laws 1904, p. 1696, c. 698, provides that every conditional sale of chattels to be attached to a building shall be void as against subsequent bona fide purchasers of the premises unless, before the date for the delivery, the contract shall have been filed and indexed. Plaintiff, under such a written contract, installed and turned over a heating plant upon premises

which defendant in good faith purchased some time afterwards, but before the contract was filed. *Held*, that defendant took the property clear of liens.

Appeal from Trial Term, New York County.

Complaint by Leonard G. Kirk against Bernard Crystal. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

James E. Duross, for appellant.
Harold Swain, for respondent.

McLAUGHLIN, J. On the 14th of August, 1903, the plaintiff entered into a written contract with one Liebeskind, who then owned a piece of real estate in the city of New York upon which he was erecting a six-story apartment, to install therein for $3,100, to be paid to him at times stated in the contract, a steam-heating plant, consisting, among other things, of a horizontal tubular boiler, pipes extending through the building, radiators in the different rooms connected with such pipes, and valves and other appliances usual and necessary to properly heat the building, when completed, with steam. The contract further provided that the plant, when installed, was to remain the property of the plaintiff until fully paid for in cash. Plaintiff performed the contract on his part by installing the plant on or prior to May 18, 1904, but Liebeskind neglected to perform, in that he failed to pay the plaintiff $1,536.93. On the 25th of July, 1904, Liebeskind sold the apartment house to one Kamsler, and on the 11th of August following, plaintiff, not having been paid the balance due him under his contract, filed a notice of mechanic's lien against whatever interest Liebeskind had in the premises in question. On September 1, 1904, Kamsler sold the premises to defendant, and plaintiff thereafter demanded a return of the heating plant, which was refused, and he thereupon brought this action for conversion of the same. At the trial the complaint was dismissed at the close of plaintiff's case, and he has appealed.

I am of opinion that the complaint was properly dismissed, and that the judgment should be affirmed. The agreement between plaintiff and Liebeskind was not filed in the register's office until March 23, 1905, some six months after defendant purchased the property; nor was any proof given at the trial that defendant, at the time he purchased the property, had notice of the plaintiff's claim, or any knowledge that the heating plant had not been paid for, other than the notice of lien filed against whatever interest Liebeskind had in the premises. The plaintiff and Liebeskind, as between themselves, could by agreement preserve the character of the heating plant as personalty. Ford v. Cobb, 20 N. Y. 344; Sisson v. Hibbard, 75 N. Y. 542; Tyson v. Post, 108 N. Y. 217, 15 N. E. 316, 2 Am. St. Rep. 409. But this they could not do as against a bona fide purchaser or mortgagee who never assented to nor had any notice of their arrangement. McMillan v. Leaman, 101 App. Div. 436, 91 N. Y. Supp. 1055, and cases cited. The defendant had no notice of the arrangement between plaintiff and Liebeskind, and therefore as to him the heating plant was a part of the realty·

The building could no more be used without heat than it could without light and water, and one would hardly contend that an apartment house six stories in height would be habitable without either. Besides, the plaintiff knew, when he installed the plant, the purpose for which it was intended, and that it was designed to become a part of the building itself. There was present every element necessary or essential, once the plant had been installed, to change its character from personalty to realty—physical annexation of one to the other; adaptation to the use to which the realty was devoted; and an intent on the part of the plaintiff and Liebeskind to make a permanent improvement.

There is another view which, I think, requires an affirmance of this judgment. After Liebeskind had failed to make the payments provided, and had sold the property to Kamsler, and before Kamsler had sold to the defendant, the plaintiff filed a notice of mechanic's lien against whatever interest Liebeskind had in the building and the land upon which it stood for the balance due him on the heating plant. The filing of this notice was the assertion of a claim irreconcilable and inconsistent with the one made in this action. That claim was predicated upon the fact that the title to the plant had passed from the plaintiff to Liebeskind, while here the claim is that title never passed but always remained in the plaintiff. Therefore, if it be held that at the time the notice of lien was filed the title was in plaintiff, and by reason of that fact he had an election whether he would take the plant or seek to recover its purchase price, by acquiring a lien upon the real estate, he, by filing the notice of lien, made his election, and was bound by it. White v. Gray's Sons, 96 App. Div. 154, 89 N. Y. Supp. 481; Orcutt v. Rickenbrodt, 42 App. Div. 238, 59 N. Y. Supp. 1008; Earle v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178, affirmed 157 N. Y. 683, 51 N. E. 1090. The choice of the selection of one remedy, having been made and acted upon, became final, and the right to follow the other was forever gone. Morris v. Rexford, 18 N. Y. 552; Rodermund v. Clark, 46 N. Y. 354.

The statute (chap. 698, p. 1696, Laws of 1904) would also seem to be a complete bar to the plaintiff's recovery. The act referred to took effect May 9, 1904, and some of the heating plant, at least, was put into the building subsequent thereto. This act provided that every contract for the conditional sale of goods and chattels, attached or to be attached to a building, shall be void as against subsequent bona fide purchasers or incumbrancers of the premises on which the building stands, and as to them the sale shall be deemed absolute, unless, on or before the date of delivery of such goods or chattels at such building, such contract shall have been duly filed and indexed as directed in the act. The defendant, as we have already seen, purchased the premises on the 1st of September, 1904. The agreement had not then been filed as required by the act, and he therefore was justified in assuming that no claim could or would be made to the heating plant, or any part of it, and especially in view of the notice of lien which the plaintiff had then filed against the interest of Liebeskind.

It follows that the judgment appealed from should be affirmed, with costs. All concur.