(118 App. Div. 16)

### EDMEAD v. ANDERSON et al.

(Supreme Court, Appellate Division, Second Department. March 22, 1907.)

SALES—CONDITIONAL SALES—DEFAULT IN INSTALLMENTS—RETAKING OF PROPERTY—RECOVERY OF PRICE.

    Where a piano was sold conditionally, the seller on electing to retake the same for default in monthly installments could not also recover such installments and hence, in an action by a purchaser for services rendered the seller, installments due and unpaid by the purchaser were not the subject of set-off where the seller had retaken the piano.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43. Sales, § 1431.]

Appeal from Municipal Court of New York.

Action by Samuel Franck Edmead against Frank P. and Maud E. Anderson, doing business under the firm name of Anderson & Co. From a judgment for plaintiff, he appeals. Reversed, and a new trial granted.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

S. Franck Edmead, for appellant.
Henry A. Heiser, for respondents.

WOODWARD, J. The plaintiff sued for a fee for legal services alleged to be due to him from the defendants. The defendants in

their answer set up that the plaintiff's services were not worth the sum of $50, the amount claimed in the complaint, and denied the agreement to pay the same. They also interposed a counterclaim for $35, made up of two items, $24 for four months' rent of a piano by plaintiff from defendants, and $11 for cartage thereof; the piano having been sold by the defendants to the plaintiff on the installment plan, $10 having been paid upon its delivery. The plaintiff had defaulted on four monthly payments on the contract, and the defendants had retaken the piano under the same contract; the cartage being for the delivery and taking away of the piano.

It is entirely evident from the amount of the judgment that the court allowed the plaintiff the full amount of his claim of $50, and offset against it the counterclaim of $35 heretofore described. I think this was error. It seems to be the settled law of this state that the vendor under a conditional sale cannot have both the property and the purchase price, and in this case the defendants had elected to retake the piano, and whatever rights they may have against the plaintiff under this contract for the piano they cannot be enforced here. White v. Gray's Sons, 96 App. Div. 156, 89 N. Y. Supp. 481, and cases there cited.

The judgment of the Municipal Court should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.