### TOLEDO COMPUTING SCALE CO. v. BORICK.

(Supreme Court, Appellate Term. June 25, 1909.)

COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION—INSTALLMENTS ON CONDITIONAL SALE.

Under Municipal Court Act (Laws 1902, p. 1533, c. 580) § 139, providing that no action arising on a written contract of conditional sale of personal property shall be maintained in that court, but that an action may be maintained to recover sums due for installments, where a contract for the sale of a scale by plaintiff to defendant provided that on default all the remaining notes should at once become due and payable, and that, on refusal to accept the scale when tendered, the purchase price, less any cash payment, should at once become due as liquidated damage, and defendant refused to accept the scale, all installments became due, and plaintiff might maintain an action to recover the same in such court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Toledo Computing Scale Company against Frank V. Borick. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William P. Martin, for appellant.
Oscar Igstaedter, for respondent.

PER CURIAM. Defendant signed a conditional contract in the form of an order addressed to plaintiff for a No. 345 scale, the price to be $140—$10 cash on delivery, and $10.50 per month, $25 allowance for old No. 61 Dayton scales 122,851, the scale to be used in defendant's butcher shop. The contract provided that:

"Should there be a default in meeting any payment, or note, as it falls due, it is agreed that all the remaining notes shall at once become due and payable, anything in the notes to the contrary notwithstanding. * * * In the event of the refusal to accept said scale when tendered, it is agreed that the sum first above mentioned, i. e., $140, less any previous actual cash payments, shall at once become due and payable as liquidated damages and not as a penalty. * * * It is agreed that the title to the said scale shall not pass until the purchase price or any judgment for the same is paid in full, and shall remain your [plaintiff's] property until that time."

The scale was presented to defendant, who refused to accept the same, and plaintiff sues for $130, being the $140 liquidated damages, as provided in the contract, less $10 actually paid by defendant. The court found for defendant. Plaintiff appeals.

Defendant claims that he was induced by false representation to the effect that other people were satisfied with the scale, which was a correct weighing machine, and that defendant's machine was false, to sign the contract, and that before signing the contract plaintiff's representative told him:

"If the scale does not suit you, you need not keep it."

Defendant admits he never used the scale, but says he was told by other unnamed people, not called as witnesses, that it was imperfect. This is purely hearsay and vague. Defendant says plaintiff's agent told him that defendant's scales were false and exposed him to a criminal prosecution, which representation inspired defendant with fear, and he agreed to take plaintiff's scale because plaintiff said it was correct. The remarks concerning defendant's scales were an expression of opinion, rather than a statement of fact, and, in any view, defendant could easily have ascertained the truth of this assertion, as he did; for defendant afterwards had his own scales tested and they were found to be correct.

Section 139 of the Municipal Court act (Laws 1902, p. 1533, c. 580) provides that no action arising on a written contract of conditional sale of personal property shall be maintained in that court, but that "an action may be maintained to recover a sum or sums due and payable for installment, payment or hiring." In the case at bar there was due the entire amount, less $10 actual payment, under the terms of the contract, because of defendant's refusal to accept the scale, so that all installments were due. Therefore this action can be maintained to recover such installments.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.