### MONEYWEIGHT SCALE CO. v. MEHLING.

(Supreme Court, Appellate Term. November 11, 1910.)

1. COURTS (§ 189*)—MUNICIPAL COURTS.
   Under Municipal Court Act (Laws 1902, c. 580) § 139, plaintiff may sue for installments under a conditional sale contract, whether one or all of such installments are due when suit is brought.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. SALES (§ 479*)—CONDITIONAL SALES—RIGHT OF PURCHASER.
   If the seller in a contract of conditional sale repossessed himself of the property under a claim of title in himself, he could not sue for the price; but, if he took it as trustee for the buyer, he, under proper pleadings, would have the right to have the value of the property offset against the balance of the unpaid purchase price.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1430, 1431; Dec. Dig. § 479.*]

3. SALES (§ 479*)—CONDITIONAL SALE—RIGHTS OF PARTIES.
   In an action for the price under a conditional sale contract, plaintiff obtained a default judgment, and then repossessed himself of the property with defendant's consent, and deposited it with a storage company. The default was opened, and defendant obtained judgment. Held, that the repossession did not entitle defendant to judgment.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1430, 1431; Dec. Dig. § 479.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Moneyweight Scale Company against Anthony J. Mehling. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Oscar Igstaedter (Isaac Hyman, of counsel), for appellant.
Cromwell G. Macy, for respondent.

PER CURIAM. The defendant herein gave to the plaintiff 11 promissory notes, aggregating the sum of $115. These notes were given for the purchase price of a computing scale, and at the time of the sale the defendant signed a writing which contained a clause setting forth that:

"The title to said scales shall not pass from the Moneyweight Scale Company until the same [notes] shall be paid in full, and that until such time said scales shall remain the property of said Moneyweight Scale Company."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It also contained a clause to the effect that, if any default was made in the payment of the notes, then the whole unpaid balance of said notes should, at the option of the plaintiff, and without notice to the defendant, become due and payable.  The pleadings were verified, and the complaint set forth the making and delivery of the notes, the default of the plaintiff in payment of any of them, and asked judgment for their amount.  The answer did not deny any of the material allegations of the complaint, but set up as a defense that the plaintiff had agreed to sell and deliver to the defendant "a springless computing scale," and that the scale delivered was not a "springless" scale, and that the same was worthless and defective, and asked for a dismissal of the complaint.  Judgment was taken against the defendant by default; such default being subsequently opened and the case tried, resulting in judgment for the defendant, from which judgment the plaintiff appeals.

The evidence adduced on the part of the defendant, showing that the plaintiff's agent represented the scale to be "springless," was stricken out by the learned trial justice, and judgment given for the defendant, upon the ground, evidently, that under section 139 of the Municipal Court act (Laws 1902, c. 580) the plaintiff could not maintain this action.  The right of the plaintiff to sue for installments due under a conditional sale contract is expressly reserved by section 139 of the Municipal Court act, and it is immaterial whether one or all of such installments are due when suit is brought.  Toledo Computing Scale Co. v. Borick, 64 Misc. Rep. 63, 117 N. Y. Supp. 914.

It appeared upon the trial that, between the time the judgment by default was taken against the defendant and the time such default was opened, the plaintiff had sent its representative to the defendant's place of business, who asked for and received the scale, and who had deposited it with a storage company, where it was at the time of the trial; and the defendant claims that this judgment should be sustained, upon the ground that, the plaintiff having repossessed itself of the property, it cannot maintain an action for the purchase price.  That would be true, if the plaintiff took the property absolutely under a claim of title in itself.  White v. A. W. Gray's Sons, 96 App. Div. 154, 89 N. Y. Supp. 481, and cases cited.  If, however, it took the property as trustee for the defendant, then the defendant, under proper pleadings, would have the right to have the value of the property offset against the balance of the unpaid purchase price.  Id.  Plaintiff did not take the property pursuant to the contract, and thus the question whether its taking barred a recovery for the purchase price is not present.  When plaintiff took the property, it had already obtained a judgment for the purchase price; and its repossessing itself of the property was merely an unrelated act, done with the consent of the defendant, but without legal effect upon the cause of action, which had already been put into judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.