The motion of the plaintiffs will, therefore, be denied.

Motion denied.

---

WILLIAM BRUCKER, by Guardian, Plaintiff, *v.* MICHAEL J. CARROLL and Another, Defendants.

(County Court, Oneida County, July, 1914.)

Personal Property Law, § 65 — meaning of words " retaken by the vendee " — purchase of motor cycle by minor — what constitutes refusal to deliver on demand — meaning of " retake."

The words " retaken by the vendor " in section 65 of the Personal Property Law should be fairly held to include those cases in which possession is resumed under a contract of conditional sale.

Plaintiff, a minor, bought a motor cycle of defendant under a contract of conditional sale. Pursuant to an agreement with plaintiff's parents to send for the machine, repair it and sell it on plaintiff's account when the next season opened, defendants sent for and obtained the machine. In response to plaintiff's demand for the machine, defendants stated that it was not paid for and plaintiff could not have it. In an action brought under section 65 of the Personal Property Law to recover the amount

of payments made on the purchase price of the machine which was still in the possession of defendants, held:

That defendants did not " retake " the machine within the meaning of the statute, but that it was in their possession under a special agreement with plaintiff's parents.

That defendants had a right to show how and under what circumstances they had taken the machine.

That defendants' refusal to deliver the machine to plaintiff on demand constituted a " retaking " under the contract of sale and also under the statute, and more than sixty days having elapsed prior to the commencement of the action plaintiff was entitled to judgment for the full amount claimed.

The plaintiff, a minor twenty years of age at the time of the trial, bought a motor cycle of the defendants' firm upon a contract of conditional sale, upon which during the summer of 1913 he paid a total of $173.50. Sometime in the fall, plaintiff's mother went to defendants' store and stated to a member of the firm that they had been talking the matter over in the household and didn't want the boy to have the motor cycle; that a neighbor's son had recently been hurt on one, and it was agreed between the mother and the defendants that they should send for the cycle, bring it to their store, repair it over winter and sell it on plaintiff's account when the season opened in the spring. Pursuant to that arrangement defendant sent for and obtained the cycle. About two weeks thereafter the plaintiff saw a member of defendants' firm and demanded the motor cycle or the money he had paid on it. Defendant said the machine wasn't paid for, and plaintiff could not have it. Sometime thereafter, and following some correspondence between the plaintiff's attorneys and defendants, this action was brought to recover the $173.50 paid by the plaintiff. The action is brought under section 65 of the Personal Property Law, and it is conceded that

defendants have not resold the cycle, and still have it in their possession. Upon the trial the foregoing facts appeared without dispute. There was no controversy regarding any of the facts of the case, and at the end of the. trial both sides moved for a direction of a verdict. The court dismissed the jury and took the case under advisement.

Southworth & Scanlon, for plaintiff.

Grant & Wager, for defendants.

HAZARD, J. Upon the undisputed facts in this case, as outlined above, I think the whole question presented is with reference to the meaning of the words " retaken by the vendor," appearing in section 65 of the Personal Property Law. I am unable to find any decision bearing directly upon this point, of any court in this state. It is claimed by the defendants that they did not " retake " the cycle within the meaning of the law, and that it is in their possession under a special agreement, namely, the arrangement made with the parents of the plaintiff, as some sort of bailees; or, possibly, as trustee for the plaintiff; and that therefore they are excused from making a sale of the cycle within sixty days after it came into their possession.

I do not assume that the word " retake," as contained in the statute, necessarily includes every possible state of facts under and by which the article sold conditionally may come back to the possession of the vendor. I think it should be fairly held to mean to include those cases only in which possession is resumed under the contract of conditional sale. Nor is it necessary in all cases that physical possession should be taken by the vendor. *Crowe* v. *Liquid Carbonic Co.,* 208 N. Y. 396.

The question, I think, is one of *intent*. For instance, it seems to me that the vendee might bring the article back to the vendor for storage or repairs, which, I think, would not constitute a " retaking," but would be " an unrelated act." *Moneyweight Scale Co.* v. *Mehling,* 69 Misc. Rep. 333.

I think that, in the case at bar, receiving the cycle by these defendants was not in the first instance a " retaking." It was done under an agreement with the parents. Neither do I think there was error in admitting the defendants' account of the circumstances under which they came into possession of the cycle. They had " a right to show how and under what circumstances it was retaken." *White* v. *Gray's Sons,* 96 App. Div. 156.

Nor was it necessary to receive evidence of the subsequent conversation between the defendants and the father. I will assume that he also concurred in the arrangement. However, some two weeks thereafter the plaintiff himself saw one of the defendants and demanded his cycle, which demand was refused. I thing the decision of this case hinges upon the question of whether the defendants have been able to justify that refusal. It is conceded by the pleadings that the plaintiff had himself made the contract and the payments upon it, and there is no dispute but that he was during all that time a minor. The excuse given by the defendant for his refusal was that the cycle was not paid for, but that excuse is untenable. Can he rely upon the arrangement with the parents? This brings us to a consideration of the rights of the parents to interfere with personal property belonging to their minor children. Apparently the plaintiff earned the money that was paid to defendants, and it is admitted that it was paid by him under a contract made

by him.  I am unable to find any authority for the proposition that, under such circumstances, mere proof of parentage is sufficient to warrant interference on the part of the parents with the property of their minor children.  If defendants saw fit to deal with some one other than their customer, I think the burden is upon them of showing authority in those they dealt with.  They haven't undertaken to prove agency, and rely upon the bald fact of parentage.  I think they might justly, if not legally, rely upon that fact as a matter of justification for taking the cycle in the first instance.  I do not think under the circumstances the taking was tortious, but when their customer himself appeared and demanded his cycle there is no conceivable legal ground for their refusal except that they held it under their contract.  In fact, that was apparently the reason given by the elder Carroll.  " The machine is not paid for, and you cannot have it," is what plaintiff claims he said, and Mr. Carroll has not denied it.  It seems to me that this refusal on the part of Mr. Carroll must be deemed to constitute a " retaking " under the contract.  The consent of the parents is an insufficient ground for refusal, and it was not even invoked.  It does not appear that any repairs had been made upon the machine at that time, and the defendants are apparently without any other legal excuse or justification for withholding the cycle from the plaintiff.  I think his demand of possession and their refusal of it must be deemed to constitute in law a " retaking " under the statute, and as defendants concededly had not sold the cycle, and more than sixty days had elapsed prior to the commencement of the action, I am unable to see how the defendants can avoid the penalty of the statute, harsh though it is. The foregoing views are confirmed by a reference to

some correspondence occurring some months after the cycle had come into defendants' possession, which make it quite clear that defendants were standing upon their supposed rights under the contract, or, possibly, under that made with the parents. As they were in default upon the one, and have established no authority upon the other, I think they were standing upon untenable ground. The plaintiff is, therefore, entitled to judgment for the amount claimed. Findings and judgment may be prepared accordingly.

Judgment accordingly.