FREEMAN v. MENKES.

(Municipal Court of City of New York, Borough of Manhattan, Seventh District. May 1, 1915.)

1. SALES ☞477—CONDITIONAL SALE—ACTION FOR PRICE—CONVERSION BY PLAINTIFF.

Where plaintiff sold goods under a contract of lease, whereby the entire rent was to become due on default and title not to pass until payment of the entire amount, by retaining the goods when returned to him for repairs, thus converting them, he elected to terminate the lease, and thereafter could not recover the price while holding the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec. Dig. ☞477.]

2. SALES ☞479—CONDITIONAL SALES—REMEDIES.

Where plaintiff sold a chattel on a contract of lease providing that the entire amount should become due on any default, and when the chattel was returned to him for repair refused to surrender until the full price was paid, and brought suit therefor, the buyer could counterclaim for the conversion of the property.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434–1438; Dec. Dig. ☞479.]

Action by Arthur J. Freeman against Jacob Menkes. Complaint dismissed.

Charles S. Levy, of New York City, for plaintiff.
M. Strassman, of New York City, for defendant.

SINNOTT, J. This is an action described as "goods sold and delivered" on the summons, but in the proof it seems to be an action on a conditional sale, whereby chattels are leased and on default the entire rent for the chattel becomes due, and title does not pass until payment of the entire amount is made, when installments of rent are credited as installments paid on the purchase price.

[1] The defendant returned a coat, which is the chattel in question, to the plaintiff to make repairs. The defendant demanded the coat back, and its delivery was refused until payment of the amount due on the coat was made. The plaintiff thereby has converted the coat to his own use, has elected to terminate the lease for the use of the coat, and resumes possession, and in my opinion cannot recover under the instrument while he retains possession of the defendant's property. The case of Ratchford v. Cayuga, 159 App. Div. 525, 145 N. Y. Supp. 83, was an action to foreclose a mortgage covering certain real estate, and the question decided by the trial court was that the property under

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the conditional sale retained its character as personal property, and it was not an instrument renting a chattel pending the final payment of certain installments, which when completed would be applied as the purchase price, and compel the passage of title; neither does it appear from a reading of that case that physical possession of the property was resumed by the mortgagor, but that the right to possession by reason of the failure of title to pass was not disturbed, and this is what the court means when it says:

"It is not at all consistent with the holding of the property as security for the purchase price."

[2] In the action at bar the defense is established on either of two theories: The lease was terminated by the resumption of physical possession of the property and refusal to surrender it to the defendant, or as an offset on his counterclaim to offset the plaintiff's claim by reason of the conversion of the property, the value of which has been fixed by the terms of sale between the parties. See Avery v. Chapman, 127 N. Y. Supp. 721; Kirk v. Crystal, 118 App. Div. 32, 103 N, Y. Supp. 17; Edmead v. Anderson, 118 App. Div. 16, 103 N. Y. Supp. 369; White v. Gray, 96 App. Div. 156, 89 N. Y. Supp. 481.

The complaint is therefore dismissed.