### PFLUGHEBER v. UNIVERSAL MOTOR TRUCK CO.

(City Court of the City of New York, Trial Term. October 27, 1915.)

1. SALES ☞481—CONDITIONAL SALES—"RETAKING."

Where the seller of a motor truck by conditional sale refused the demand of purchaser for delivery after failure to pay note due on the purchase price, and thereafter rented the truck, the renting is such exercise of dominion as to be a "retaking" of the truck, authorizing the buyer to recover prior payments on the price, where the seller did not conform to the requirements of Personal Property Law (Consol. Laws, c. 41) § 65, as to holding the property for 30 days and public sale thereafter.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ☞481.]

2. SALES ☞481—CONDITIONAL SALES—EVIDENCE—SUFFICIENCY.

Evidence in an action to recover installments paid on a motor truck purchased on conditional bill of sale *held* to show retaking of truck and failure to comply with the other provisions of Personal Property Law, § 65.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ☞481.]

Action by George J. Pflugheber against the Universal Motor Truck Company. Verdict was directed for plaintiff, and defendant moves for new trial. Motion denied.

Myron Sulzberger, of New York City, for plaintiff.
George B. Holbert, of New York City, for defendant.

FINELITE, J. By direction of the court the jury awarded a verdict in favor of the plaintiff for the sum of $1,115 and interest thereon, making a total sum of $1,349.80. On the trial hereof defendant offered no evidence and rested. Upon the rendition of said verdict defendant moved to set same aside and for a new trial, as hereinafter stated.

Action was brought to recover the above-mentioned sum, same being amount advanced by plaintiff in cash and personal property in the purchase of a motor truck from the defendant. The action is brought under the provisions of Personal Property Law (chapter 41 of Consolidated Laws; Laws of 1909, c. 45) §§ 60, 62, 65, 66, 67, to recover the installments paid by the plaintiff to the defendant upon a contract of conditional sale. The defendant's ground for a new trial is based upon section 65 of the Personal Property Law, in that there was no

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"retaking" of the automobile truck in question by the vendor as defined in said section. It appears from the facts adduced upon the trial hereof that said plaintiff delivered to the defendant certain promissory notes for the payment of the balance due on the purchase of said automobile truck. The defendant was the owner of a garage. Plaintiff placed the motor truck in question in the garage of the defendant, for which he was to pay a certain sum per month. While said motor truck was in the garage of the defendant, plaintiff demanded it for the purpose of using it in his business, and his request was refused by the defendant. It further appeared from the evidence that said defendant let out said truck daily, and the amount which it received defendant was willing to apply to the reduction of the amount claimed to be due by the plaintiff for garage services. Said truck was thereafter, as appears from the evidence, sold by the defendant; but no proof was adduced on the trial hereof showing that the defendant complied with section 65 of the Personal Property Law, which reads as follows:

"Whenever articles are sold upon the condition that the title thereto shall remain in the vendor or in some other person than the vendee until the payment of the purchase price or until the occurrence of a future event or contingency and the same are retaken by the vendor or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during which period the vendee or his successor in interest may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor or his successor in interest may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

The defendant contended on the trial hereof that the said motor truck in question was not obtained by the plaintiff by reason of alleged claim for garage charges. The plaintiff called on the defendant on December 19, 1912, and made a demand for said motor truck. Defendant claimed the right to retain said motor truck by reason of the nonpayment of the December note which was then past due. Plaintiff was corroborated in this aspect that the retention of the motor truck was only held up on account of a note past due, which was part of the consideration for the sale of said truck from the defendant to the plaintiff, and not for any lien for garage charges.

[1] By the hiring out of the motor truck from December 19, 1912, after a demand had been made by the plaintiff for said motor truck and refused, the action of the defendant in this respect can be clearly construed as constituting exercise and dominion over said motor truck, and of the plaintiff's rights in so far as defendant "retook" and kept in its possession said motor truck as its property, inconsistent with the rights of the plaintiff in the premises. True, it can be said that every act of a party in "retaking" of personal property under a conditional bill of sale and the retention of property is or may be construed as a "retaking" as set forth in the statute; but when it manifestly appears that the "retaking" was in pursuance of the terms of a contract of conditional sale, the vendee is vested with a right of action

to recover the installments paid by him. In Crowe v. Liquid Carbonic Co., 154 App. Div. 373, 139 N. Y. Supp. 587, affirmed in 208 N. Y. 396, 102 N. E. 573, is a case analogous, but not exactly in point, to the case involved herein. In that case it appeared that Messrs. Pappas and Karahall purchased of the defendant under a contract of conditional sale a soda fountain and apparatus for $1,885, $400 of which was paid by the delivery of an old fountain, $225 in cash, and the balance was represented by 36 promissory notes, of $35 each, with interest. Thereafter the said firm and its members were declared bankrupts and the plaintiff was duly appointed trustee in bankruptcy. The notes which had become due up to that time had been paid, but those subsequently maturing were not paid. The fountain was in the store carried on by the said bankrupts, and one Baumann, under a chattel mortgage, acquired title to the goods and fixtures in the store, aside from the fountain, and continued the business in the same store. The fountain and apparatus were inventoried by the plaintiff in the schedules of bankruptcy as held under a conditional sale contract, but remained in the store. Thereafter the defendant leased the fountain in the store to Baumann, the occupant of the store, for one month, and thereafter for several succeeding months. Several months thereafter the defendant removed the fountain and apparatus from the store, and claimed to have retaken it then, and for 30 days caused notice of sale to be given, and the fountain was subsequently sold, apparently according to the provision of the law relating to conditional sales. But it was held in the Appellate Division (154 App. Div. 373, 139 N. Y. Supp. 587):

"The defendant had no right to lease the fountain to Baumann, unless he claimed that right under the contract of conditional sale, and it was proceeding upon the theory that default had been made or was about to be made. After default the plaintiff could not object to the defendant's retaking or renting the property, as it was its right under the contract. That the defendant considered it was leasing the fountain for its own benefit, and not for the benefit of the plaintiff, is evident by its appropriating the rent and not crediting it on the contract. It took control of the fountain and retained it for four months, and its attempt thereafter to comply with the statute was too late. It had incurred the liability to repay the installments paid upon retaining the property after 30 days without taking any steps for selling it."

This was adopted unqualifiedly by Gray, J., in the Court of Appeals. The learned justice said there (208 N. Y. 401, 102 N. E. 574):

"We think that when the defendant, through its attorneys, leased the fountain to Baumann, there was a retaking by the vendor of possession of the property sold. The time had come when, under the contract of sale, it was optional for the defendant to exercise its privilege under the contract and to retake the possession of the fountain. Such a retaking was not necessarily confined to a physical removal to the defendant's premises. In exercising an act of ownership, which was inconsistent with its possession by the vendees, or their successor, the plaintiff, the defendant asserted its right to possession of the property, the title to which had remained in it subject to the condition of payment of the price. * * *"

[2] It sufficiently appears from the evidence adduced upon the trial hereof that said defendant did "retake" and retain possession of said motor truck, and failed to comply with the Personal Property Law, as

I have hereinabove pointed out. I have examined the authorities cited by the defendant (Moneyweight v. Mehling, 69 Misc. Rep. 331, 125 N. Y. Supp. 532, and Brucker v. Carroll, 86 Misc. Rep. 412, 149 N. Y. Supp. 280), and fail to see in what manner they apply to the facts in this case. In the Moneyweight Case, supra, upon examination thereof, I find that:

"Plaintiff did not take the property pursuant to the contract, and thus the question whether its taking barred a recovery for the purchase price is not present. When plaintiff took the property, it had already obtained a judgment for the purchase price; and its repossessing itself of the property was merely an unrelated act, done with the consent of the defendant, but without legal effect upon the cause of action."

The amount of storage charges due by the plaintiff to the defendant at the time that the defendant had said motor truck in its possession was in dispute, and therefore it could not have been known or contemplated in the minds of the parties the exact amount due and owing for said charges. The refusal of the defendant to deliver said motor truck to plaintiff upon demand, to wit, on December 19, 1912, upon the fact that the December note was then past due, is supported by the manager of the defendant. Therefore the court directing a verdict in favor of the plaintiff for the amount paid to the defendant on account of the purchase of said motor truck on said conditional bill of sale was from all aspects correct.

The motion of the defendant to set aside the verdict and grant a new trial must therefore be denied, to which the defendant may have an exception. Settle order on one day's notice.