CLAUDE NEON LIGHTS, INC., Plaintiff, *v.* LEWIS J. KINGSBERG and Another, Defendants.

City Court of New York, New York County, December 5, 1931.

*Edgar I. Ahrweiler* [*Mortimer D. Atlas* of counsel], for the plaintiff.

*Conrad, Rubin & Lesser* [*Samuel Rubin* of counsel], for the defendants.

STEUER, J.   Plaintiff entered into an agreement with defendants and their brother to lease to the three of them a certain sign at a stipulated rental per month, with the provision that in certain contingencies the entire balance of the rental should become due. The lease further contained a provision that at its conclusion upon full performance by the lessee the lessors would deliver a bill of sale of the sign upon payment of one dollar.   During the term of the lease, the defendants' brother was petitioned into bankruptcy, and the sign was seized as one of his assets by the trustee in bankruptcy.   An order was obtained in the bankruptcy proceedings permitting the sale of the interest of defendants' brother to the plaintiff for twenty-five dollars.   Bankruptcy was one of the conditions upon

which the agreement provided that the balance of the rental might be declared due. On the trial of the case, defendants raised the point that the agreement constituted a conditional sales agreement and this was not disputed by the plaintiff. At the conclusion of the entire case, the complaint was dismissed upon the ground that the sign was retaken by the conditional vendor, and as admittedly no sale at auction had taken place, action for the balance of the purchase price was waived (Pers. Prop. Law, § 80-d, as added by Laws of 1922, chap. 642, § 2). Plaintiff now moves to vacate the order dismissing the complaint and for a direction of a verdict in its favor, upon two grounds, namely, that the agreement does not constitute a conditional sales agreement, and that, even if it does, the manner in which it secured possession of the sign did not constitute a retaking within the meaning of the statute (Pers. Prop. Law, § 76, as added by Laws of 1922, chap. 642). The view of the case now taken makes the first point unnecessary of consideration.

Under any construction of the agreement, the trustee in bankruptcy of William Kingsberg, defendants' brother, acquired no title to the sign. If the agreement is a lease, this goes without saying. If it were a conditional sales agreement, the interests of the other two brothers, the defendants here, would intervene. As far as can be determined, there is no satisfactory decision upon the question of title to an indivisible piece of personalty owned in common by three persons. Without going into the metaphysical arguments which may be made upon such a question, it suffices to say that the representative of one of them cannot transfer either the title or the possession of the article without the consent of the other two; so that the sale of the sign to the plaintiff was without legal consequence as regards either its ownership or its rightful possession. Nevertheless, it cannot be claimed that, when the plaintiff undertook to get possession pursuant to the purchase it made, it was acting under its rights of retaking possession pursuant to its contract. It cannot be doubted that it was acting as a purchaser from the trustee. The fact that its title under such purchase may have been defective does not alter the situation. The retaking provided for in section 76 of the Personal Property Law is one made pursuant to the agreement and the remedies provided for in the statute. Every set of circumstances by which the conditional vendor might regain possession would not constitute such a retaking. While there appears to be no interpretation of the present law on this point, under the former section 65 of the Personal Property Law (Laws of 1909, chap. 45), a retaking was interpreted as above. (*Moneyweight Scale Co.* v. *Mehling*, 69 Misc.

331.) No reason appears why a different interpretation of a retaking is called for. There having been no retaking pursuant to the statute, the situation is the same as if the sign had remained in the possession of the vendees. This being so, there is no defense to the action.

The motion is granted, and verdict directed for the plaintiff for the sum of $1,473.72, with interest thereon from August 13, 1929, with exception to defendants. Five days' stay of execution is granted from the date of entry of judgment.